Good morning, your honors. Jason Carr, appearing on behalf of Appellant Orea-Rodrigues. We'll be talking extensively about the categorical approach modified in the immigration context in the answer to the question that wasn't answered before. Yes, the immigration courts do apply a modified categorical approach or the whole categorical approach mode of analysis in the immigration context. But before we launch into that, I would like to inform the court that we have a lingering poker fan-fan limited remand issue in the briefs. And in light of the fact that my client is due to be released on September 9th, I don't see practically how a limited remand could conceivably help him at this point. In fact, it may delay his release. And so we would like to withdraw that assignment of error at this time. Now, the guilt phase issue doesn't move out with his release. So I'd like to expand on that. And I'd like to begin with a concession that the case of Parilla v. Gonzalez is not helpful to our cause. My task here will be to convince the court that our case is distinguishable. But Parilla v. Gonzalez applies a modified categorical approach to an issue very similar to the one we have here, whether an individual is eligible for cancellation because of a prior conviction, whether that conviction constitutes an aggravated felony. In Parilla, what the court held is that it's permissible to incorporate documents that otherwise wouldn't be judicially noticeable if there's an explicit incorporation in the defendant or alien's guilty plea. In Parilla, we had documents that a police affidavit of probable cause that normally would not be cognizable in a modified. But the individual, and the language here will be important in my case, said in his guilty plea agreement, and this is in Parilla, and I'm reading off of a page, the very last page of the opinion right before the dissent, that I understand the court will review the certification for determination of probable cause in determining if there's a factual basis for this plea for sentencing. And that is what the defendant agreed in his written plea agreement. That's pretty broad-based language that incorporates the whole certificate of probable cause. In our case, I'm going to argue we have a distinguishing feature here, and the record here, and the government did submit records in support of its attempt to prove clearly established that my client was convicted of more narrow conduct because NRS 4533385, everyone agreed, was overbroad. So the crux of our decision here is whether or not the government's, the documentation submitted by the government passes muster under a categorical approach, modified categorical approach analysis. We know that their burden is fairly onerous. They have to clearly establish that what the defendant admitted to meets the contours of the federal definition. So when he pleads guilty to trafficking in controlled substances, though, doesn't that, that's a tough, tough hurdle to overcome for you. It is, Your Honor, and I recognize that our hurdle that we have to traverse here is high. I freely concede that. But what I'd like to focus the court for a moment on the actual documents submitted by the government because in my estimation, their language is important. If you look at EOR page 38, what we have is the guilty plea agreement that was submitted in the Nevada State Court. On the first page, on page 38, lines 23 through 24, we have a very important language, which is I understand that by pleading guilty, I admit the facts which support all elements of the offense, parentheses S, to which I plead to set forth in exhibit one. Now exhibit one is the information which is found on page 36. And when we look at this, this information becomes the operative document, essentially, in my mind. And here's where I think that we have a distinguishment from Perella. And the problem that the state of Nevada has here is that they alleged in the information two separate act elements. And it's not, in my estimation, entirely clear which one Mr. Perella admitted to. And what do I mean by that? If we look at page 36, lines 24 through 25, it says they allege that my client had willfully, unlawfully, feloniously, knowingly, and intentionally, so they have five different mental states here, possess and, hyphen, or sell. So they allege two different act elements here. They're alleging that he either possessed, or he sold, or he did both. And that, in my estimation, is the crux of the government's problem here. Why they have not been able to clearly establish that my client was convicted of selling as opposed to possessing, because he's been convicted of possessing, then it doesn't meet the aggravated felony definition for a drug trafficking offense. And that, when we look back on page 38, he says, I admit the facts and the information which supports all the elements of the offense to which I now plead. Well, which offense did he plead to? Did he plead to selling, or did he plead to possess? Now, the government will stand up here and rightly say that what's relevant here is what happens on page 36 after line 26, where it says, to wit. And then it goes into this factual narrative describing, essentially, a hand-to-hand sale that my client was involved in. So the crux here is, is that relevant? Is everything after to wit, has that been incorporated by my client? And I would argue it's not, because unlike in Parilla, where he says, I understand the court's gonna review the whole certificate of probable cause for a factual basis. There's broad-based language of incorporation in Parilla. Here, we don't have that. We have a more limited language of incorporation on page 38, where all my client says is that, I admit the facts which support the elements of the offense. So he's not saying, I admit to everything that's in the information. He's saying, I admit to the facts which support the elements. And what I would submit here is that I would be dead in the water, even more so than perhaps I am now, if the state of Nevada had just not charged this with a conjunctive act element. If they had just said, intentionally sell to Timor, then I would have no argument here. The ambiguity injected into this proceeding, the ambiguity which I'm arguing defrustrates the government's ability to prove this clearly established, which is an onerous burden, as cases like Franklin explicitly talk about, that we know the government has a high burden here. And we're talking about more than a preponderance. Clearly established, in my mind, clear and convincing, which is a high burden. That the defect here is that the state of Nevada, for whatever reason, chose to allege two separate crimes in the injunctive. And it's not entirely clear from the plea agreement which crime my client is admitting the factual basis to the elements for. So what we have here is the government did a yeoman's task here of submitting documents. They did their job. But what I am arguing is that those documents just don't pass the high evidentiary burden that the government has here. And that is primarily based on this ambiguity that's injected into proceeding by strangely worded information, in my estimation. It's not often that you would see an information where the government's alleging, well, you either possessed or sold, or both. We don't know exactly which. If the state of Nevada had made that election and just said sold, I wouldn't have an argument here today. And I'd like to reserve the rest of my time for rebuttal if I may. Thank you. Good morning. May it please the Court. I apologize. I'm taking medication that has a problem with my throat. I think that the record in this case is sufficient. And I think it's sufficient based upon the determination in the Shepard case, the case where the United States Supreme Court agreed that in the modified categorical approach, transcripts or signed plea agreements in guilty plea cases could be used to determine the nature or character of a prior conviction. And what's interesting about Shepard is that's a – I think it's an ACC case, 924C, but it certainly applies in the same analysis. And in that case, the defendant had Massachusetts State convictions, and that was the issue in the case. And even with that fact, when the Court is explaining how, instead of jury instructions when you go to trial, what documents would you look at or what statutes would you look at to make a determination, the Court specifically said, and I quote from page 1259 of that, "...in pleaded cases, that would be the statement of factual basis for the charge. And it specifically cites Federal Criminal Procedure 11A3, shown by a transcript of plea colloquy or written plea agreement presented to the Court." Now, here, even here, they're talking about the factual basis for the plea, the defense argues that there doesn't need to be a factual basis for the plea necessarily in a State case. But I think Shepard is clearly saying, as a Federal court, one of the things we look at to determine the character of even a State conviction is the facts. The only charge against this defendant is called trafficking. The only facts against him are that he transported a drug and, by definition, he had to possess it, and then sold it to a named person. And it says sold it himself. That is trafficking. That is sales. It is not possession, as argued by the defense. So I think that we clearly come under the findings in Shepard. And more importantly is the cases they cite, the various cases that are drug trafficking cases where the defendant pleads and then later argues, I did not admit the amount of drug which will determine my sentence, and the Court understandably said, that's right, if you don't explicitly admit it, then you cannot be sentenced under it. Those are facts based upon the actual crime committed. And you do implicate the Sixth Amendment under Booker, Blakely, Alprande, Jones. When the facts for sentencing come out of the actual offense, here we're dealing with recidivist acts. We're dealing with a prior conviction. And again, Shepard talks to that by saying that as long as the facts, and the term they use, are not too far removed from the conclusive significance of a prior judicial record, then those facts can be taken correctly. And under the modified clerical approach, I believe that the record here is sufficient and the defendant's motion was properly denied and the 16-level enhancement was properly imposed. Thank you. Roberts, I'm looking at 37, which is the second page of the information. Yes, Your Honor. And the plea said, I agree that the facts recited in the information, that the government can prove that. That's the factual basis? That's what happened here? Yes. There's two references in the plea agreement, which is on page 38. I understand that. I just want to pick up that defense counsel pointed this to the possess and or sell. Correct. But the very last sentence says that Freddie Alcantar acted as a lookout while defendant, which is who we're talking about, sold 27.0 grams of methamphetamine to the said T. Moore. Correct. That's the only facts that are in the record in the State court that shows what he pled guilty to. That's correct, Your Honor. Thank you. Thank you. Rebuttal. Just three brief points. The first is, as the Court may know, the term trafficking in Nevada is a term of art which connotes the acts of simple possession, including transporting into the State or possessing a certain quantity without any necessary – without necessarily having to prove any intention. What about the last sentence? That's the crux of this case exactly, Judge, is what my argument is on page 36, that lines 20 through 26 encompass the factual basis for the plea. But in his plea, he said, I admit that the State can prove everything that's in the information. That's not exactly what it says, Your Honor, with all due respect. On page 38, if you look at 24 – 23 through 24 lines, what it says is, I understand that by pleading guilty, I admit the facts which support all the elements of the offense which I now plea to set forth in the exhibit. He's admitting the facts that support the elements. And when I'm – my position is lines on page 36 through 37, lines 26 through 5, are surpluses, that he didn't explicitly admit to that because of the limited language of incorporation in the plea agreement. And I'm afraid that is what my argument is here, and that is what I'd like to submit. Thank you for listening. That's the best you got, huh? That's the best I have. Thank you. Okay. Thank you. We'll come to the final matter, and that is
judges: Pregerson, Hawkins, Thomas